**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ROBERT GENE ROSS,

       Plaintiff,

v.                                                     CIV NO. 07 - 73 MV/ACT

TONY MCCORT (MED. DIRECTOR)
@ WEXFORD HEALTH SOURCES, INC.;
JOE WILLIAMS (DIRECTOR) @ NEW
MEXICO CORRECTION DEPARTMENT;
GEORGE TAPIA (WARDEN) @ WESTERN
NEW MEXICO CORRECTIONAL FACILITY/
NMCD; JOE DOE (to be identified),

       Defendants.

<u>ORDER CONCERNING PLAINTIFF'S MOTIONS FOR APPOINTMENT
OF COUNSEL, MOTION TO CONSOLIDATE CASES, MOTION FOR DEFAULT,
MOTION TO AMEND OR CORRECT COMPLAINT AND
RECOMMENDATIONS REGARDING DISMISSAL OF COUNT II, CLAIMS 1 AND 2</u>

Plaintiff is a state prisoner currently incarcerated in the New Mexico state correctional system. Plaintiff has brought a civil rights complaint against various Defendants and is proceeding *pro se*. [Doc. No. 1]. Plaintiff's complaint, consisting of eighty-five handwritten or copied pages, is anything but a short, plain statement of his claims. Nevertheless, the Court has thoroughly examined the Complaint and has concluded that Plaintiff brings four claims: 1) that on September 12, 2006, he was subject to deliberate indifferent medical care while incarcerated at the Western New Mexico Correctional Facility (WNMCF) when he suffered from medical

symptoms but was unable to put in a request for a medical examination because the sick call box was taped shut; 2) that he was subject to deliberate indifferent medical care at WNMCF because the medical staff refused to issue him a pair of medical support boots; 3) that he was discriminated against on the basis of race (African-American) when he was moved from one unit to another unit; and 4) that has suffered a violation of his constitutional rights from the overcrowded conditions at WNMCF including being housed with another inmate in a cell originally designed for one inmate.   Plaintiff labeled these four separate claims as "Count I , Claim 1", "Count I, Claim 2", "Count II, Claim 1" and "Count II, Claim 2" respectively and the Court will adopt this same nomenclature for purposes of consistency.

Plaintiff, who has a lengthy history of *pro se* civil rights lawsuits, has moved twice for the appointment of counsel to assist him [Doc. Nos. 3 and 6], has moved for a preliminary injunction [Doc. No. 4], has moved for consolidation of the present case with another pending federal case, Robert Gene Ross v. Joe Williams and George Tapia, 06 CV 867 RB/RLP,  but asking that Chief Judge Martha Vázquez preside over the consolidated cases [Doc. No. 9], has moved twice to amend the caption of his Complaint to show that he intended to name six defendants instead of the three defendants who have been served [Doc. Nos. 10 and 20], and has moved for a Default Judgment or Sanctions against Defendants Williams and Tapia. [Doc. No. 27].  Plaintiff has also filed responses to Defendant McCort's Answer, which are docketed as part of Doc. No. 20 as  Submission A and Submission B and has filed a Reply [Doc. No. 25] to Defendant's McCort's Response [Doc. No. 28] to his Motions to Amend the Complaint.

The Court denies the two motions for the appointment of counsel, recommends the denial of the preliminary injunction, denies the motion for consolidation with 06 CV 867, recommends

the denial of the Motion for Default Judgment, denies the Motion for Sanctions and grants the Motions to Amend the caption of the Complaint.  The Court also *sua spont*e recommends the dismissal of Count II, Claim 1 and Count II, Claim 2 of Plaintiff's Complaint for failure to state a claim upon which relief can be granted.  The Court further *sua sponte* recommends that all remaining claims stated in the Complaint against the four Defendants, Joe Williams, New Mexico Department of Corrections, George Tapia, and Western New Mexico Correctional Facility, be dismissed for failure to state a claim upon which relief can be granted.  The Court takes no notice of  the responses filed by Plaintiff to the Defendant McCort's Answer because responses to Answers are not allowed under the Federal Rules of Civil Procedure.

TWO MOTIONS TO APPOINT COUNSEL

The Court considers several factors when considering whether to appoint counsel - "the merits of the litigant's claims, the nature of the factual issues raised by the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."  Rucks v. Boergermann, 57 F. 3d 978, 979 (10th Cir. 1995) (quoting Williams v. Meese, 926 F. 2d 994, 996 (10th Cir. 1991)).  Plaintiff has experience in the legal system representing himself as evidenced by the fact that Plaintiff has filed numerous lawsuits proceeding *pro se,* both in federal and in state court. [See, Doc. No. 19, Answer by Defendant McCourt, pp. 8-9 listing five state and four federal cases previously filed by Plaintiff.]

 Plaintiff has been able to present his arguments and supporting facts to the court in this lawsuit in a manner that enables the Court to understand his pleadings.  Although prolix and often rambling, the Plaintiff's pleadings convey to the Court that Plaintiff understands the

rudiments of his lawsuit and the standards of proof he needs to meet in order to prevail on his civil rights claims.  He is representing himself in a capable manner.  The assistance of counsel for the Plaintiff would not materially affect the Court's analysis of these claims nor alter the Court's recommendations that follow.  IT IS THEREFORE ORDERED that Plaintiff's two motions for the appointment of counsel are DENIED.

## MOTION TO CONSOLIDATE TWO CASES

The Plaintiff has moved to consolidate the present case with another case he filed several months ago in federal court, 06 CV 867 RB/RLP, Ross v. Tapia and Williams.  Plaintiff's *pro se* motion is titled somewhat abstractly (Re: Possible Transference of Judges/or Recusal §1983 Civil Action) but primarily argues that the cases should be consolidated for convenience, so that the presiding judges are aware of the other pending case, because of Plaintiff's limited access to legal resources and the telephone, and because he needs the relief sought in the present lawsuit regarding support shoes.

Federal Rule of Civil Procedure 42(a) allows the court to consolidate two or more cases when the actions involve a common question of law or fact. Plaintiff's other pending case has four remaining counts.  Those counts allege those Defendants have: 1) failed to provide adequate library facilities; 2) failed to allow inmate access to toilets and water facilities; 3) failed to adhere to prison regulations requiring crushing of medications; and 4) failed to curb arbitrary and discriminatory abuse of the inmate disciplinary policy.  The Court, in that case, ordered and has received a *Martinez* Report and has received a response to the Report from Plaintiff.  The claims raised in 06 CV 867 RB/RLP concern quite different questions of fact and the two cases have

nothing in common save the Plaintiff, the correctional facility involved, and a general dissatisfaction by the Plaintiff with the conditions at Western New Mexico Correctional Facility. The Court finds that the two cases do not involve either common questions of law or fact. The Plaintiff's Motion to Consolidate his two pending federal cases is therefore DENIED.

## MOTION TO AMEND THE CAPTION OF THE COMPLAINT

Plaintiff has filed two motions to amend the caption of the Complaint [Doc. Nos. 10 and 20] explaining that when he used the character "@" in the caption he did not mean to use it as shorthand for "at" as the Court interpreted it. He states that he meant to name six named Defendants instead of the three that the Court assumed he did. In his pleadings he explained that when he wrote, for example, Tony McCort[1] @ Wexford Health Sources, Inc., he meant to name both Tony McCort and Wexford Health Sources, Inc. as separate defendants.

The Court will GRANT the Plaintiff's Motion to Amend the Caption of the Complaint. The caption will read:

> TONY MCCORT, WEXFORD HEALTH SOURCES, INC., JOE WILLIAMS, NEW MEXICO CORRECTIONS DEPARTMENT, GEORGE TAPIA, WESTERN NEW MEXICO CORRECTIONAL FACILITY, and JOE DOE.

This ruling, however, is subject to further findings and recommendations included in this opinion as to whether the Complaint states claims against these named defendants.

---

[1] Tony McCort's last name was misspelled as "McCourt" by Plaintiff in his pleadings. The Court will *sua sponte* change the caption to reflect the correct spelling.

PLAINTIFF'S MOTION FOR SANCTIONS AND/OR MOTION
FOR DEFAULT JUDGMENT AGAINST DEFENDANTS TAPIA AND WILLIAMS AND
DEFENDANTS TAPIA'S AND WILLIAM'S MOTION FOR ENLARGEMENT OF TIME

Plaintiff moved for sanctions and/or a default judgment against Defendants Tapia and Williams because they failed to answer the Complaint in a timely manner. [Doc. No. 27]. Defendants Tapia and Williams filed a Response to Plaintiff's Motion and moved that the Court accept their late filed Answer. [Doc. No. 23]. Counsel for Defendants Tapia and Williams explained that the Defendants filed their Answer three weeks late due to a mistake, specifically a misunderstanding with counsel representing Defendants Wexford Health Sources and McCort. In a previous state court action involving the same Plaintiff and many of the same Defendants, counsel for Wexford had undertaken to represent the state Defendants as well as Wexford and its employees. Counsel for Tapia and Williams had thought the same arrangement would apply in this federal case. Upon learning that an Answer had not been filed on behalf of Defendants Tapia and Williams, counsel immediately filed an Answer. [Doc. No. 23].

The Court will, in its discretion, GRANT Defendants Tapia's and William's Motion to Enlarge the time period in which they were allowed to filed their Answer and will allow the Answer filed on behalf of Defendants Tapia and Williams to stand. The Court finds that the late filing of the Answer was due to excusable neglect, mistake or inadvertence. See, Fed. R. Civ. P. 6(b). The Court also finds that the Plaintiff has not suffered any substantial prejudice due to the delay in filing the Answer. See, Bavouset v. Shaw's of San Francisco, 43 F.R.D. 296 (S.D. Tex. 1967). The Court will DENY the Plaintiff's Motion for Sanctions against the Defendants Tapia and Williams on the basis of their late filed Answer. The Court will RECOMMEND that Plaintiff's Motion for Default Judgment be DENIED because the late filed Answer was due to

excusable neglect, mistake or inadvertence.

## FINDINGS AND RECOMMENDATION THAT COUNT II, CLAIM 1 BE DISMISSED FOR FAILURE TO STATE A CLAIM

Count II, Claim 1 of the Complaint raises a claim that Plaintiff, an African American, was discriminated against when he was transferred from one unit to another. Plaintiff explains that he was being housed in Unit 3 when a new program was instituted in that unit, the Therapeutic Community Program. While Plaintiff was not initially chosen to participate in the program, he was asked to be a good neighbor and told there was the possibility that he would be considered for the program's fall class. Plaintiff alleges that he was looking forward to participating in the program and he liked living in Unit 3, in part because it had relatively spacious accommodations. On September 22, 2006, he was removed from Unit 3 by a Sergeant and a Unit Manager and moved to Unit 4. Plaintiff claims that the move resulted in mental and emotional trauma to him and that he had to talk to a mental health counselor. Plaintiff filed a grievance asking to be moved back to Unit 3 and complaining of discrimination on the basis of race. The grievance was denied. Plaintiff has not alleged a single fact in his eighty-five page Complaint to support his allegation that he was transferred from one unit to another because of his racial background or to support his claim that he was treated differently from other similarly situated individuals.

An individual's Equal Protection rights are implicated when the government treats him differently that it treats similarly situated individuals. City of Cleburne v. Cleburne, Living Ctr., 473 U.S. 432 (1985). If an individual cannot establish that he was denied a fundamental right, the government's conduct will be upheld as long as its actions bear a rational relationship to a

legitimate state purpose. <u>Penrod v. Zavaras,</u> 94 F.3d 1399, 1406 (10th Cir. 1996).

Prison administrators must be accorded broad flexibility in managing prison environments. <u>Sandin v. Conner</u>, 515 U.S. 472, 482 (1995). Classification decisions resulting in changes in the conditions of confinement do not implicate a fundamental right. Therefore, the claim that Plaintiff was transferred out of Unit 3 on the basis of his race is subject only to a rational basis review. <u>Penrod</u>, supra, at 1406. The decision to transfer a prisoner from one unit to another in the same prison by prison officials bears a rational relationship to the legitimate state purpose of managing prison environments. The Court finds that Plaintiff's Complaint does not state a claim for discrimination on the basis of race. Therefore, the Court RECOMMENDS that Plaintiff''s Equal Protection claim be dismissed for failure to state a claim upon which relief can be granted.

If Count II, Claim 1 is read as a claim that Plaintiff was denied his constitutional rights to remain in Unit 3, the claim also fails to state a claim upon which relief can be granted. Classification and placement decisions are not subject to judicial review unless there is a clear abuse of discretion by prison officials. <u>Marchesani v. McCune</u>, 531 F. 2d 459, 462 (10th Cir. 1976). In fact, prisoners do not have a liberty interest that is protected by the due process clause of the Fourteenth Amendment regarding changes in their conditions of confinement, even when that change results in a substantial, adverse impact on the prisoner. <u>Id.</u>, at 478; <u>Meachum v. Fano</u>, 427 U.S. 215, 224 (1976). Plaintiff has not alleged any facts to show that there was clear abuse of discretion on the part of the prison officials who made the decision to transfer Plaintiff from one unit to another. The Court finds that Plaintiff's transfer within WNMCF was a classification and placement decision that is not ordinarily subject to judicial review.

The Court further finds that Plaintiff cannot prevail on the facts alleged in this complaint and that allowing him an opportunity to amend the complaint would be futile. Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991). Therefore, the Court RECOMMENDS that Count II, Claim 1, the claim regarding the transfer from Unit 3 to Unit 4, be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

### FINDINGS AND RECOMMENDATION THAT COUNT III, CLAIM 2 BE DISMISSED FOR FAILURE TO STATE A CLAIM

In Count II, Claim 2 Plaintiff complains that he was subject to unconstitutional conditions of confinement at WNMCF, specifically when he was housed in Unit 4 in a small cell with another inmate. He states that the cell is much too small for him to share with another inmate given his mental health history, his claustrophobia and his paranoia. His specific complaints include the fact that the toilet is only 36 inches from the head of the bunk so when one prisoner has to defecate, the toilet is situated too close to the bunk. He also states that the cell only contains one stool, one wall locker, a sink 6 inches from the bunk, and a table desk leaving a walking space of approximately 30 inches. He states that the cell was originally built for one inmate and that the temperature sometimes rises to 90 degrees Fahrenheit. He states that when a lockdown occurs, as it did over Thanksgiving weekend of 2006, that he suffers mentally.

Plaintiff also brings claims that the general overcrowding at WNMCF has resulted in unsafe conditions for prisoners. He states that the number of correctional officers has not increased with the increased population. Plaintiff claims that placing more inmates in a small space without an increase in the number of correctional officers has led to more dangerous, severe conditions for the inmates. He states that the dining room in Level II is very cramped and

sometimes there is no room to sit meaning that inmates have to eat standing up.  He claims that the laundry facilities do not have the capacity to service the population of WNMCF and that clothes and linen come back from the overfilled washing machines more soiled than when they went.  He claims that the general overcrowded conditions have led to less available clothing, less available food, less medical attention, fewer jobs, less security, more lockdowns and deprivations of clean clothes, clean linen, class space and library space.

Despite Plaintiff's long list of problems due to overcrowded conditions, both those specifically related to him and those related to the general population, Plaintiff's Complaint fails to state a cause of action under the Eighth Amendment.  A claim brought under the Eighth Amendment for cruel and unusual punishment based upon overcrowded conditions must allege that the overcrowded conditions caused the prisoner to be denied one or more of life's necessities.  "The Constitution ... 'does not mandate comfortable prisons,' and only those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." Wilson v. Seiter, 501 U.S. 294, 298 (1991), quoting Rhodes v. Chapman, 452 U.S. 337, 349, 347 (1981).  "To the extent that [prison] conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offense against society." Rhodes, 452 U.S. at 346-7.

Plaintiff has not alleged any condition due to the overcrowded conditions at WNMCF or due to the particular conditions in his cell in Unit 4 that has deprived him of one of life's necessities such as food, health care or clothing.  Plaintiff has not alleged facts that would meet the objective component of an Eighth Amendment claim - that the deprivation complained of was of sufficient seriousness to constitute cruel and unusual punishment.  See, Wilson v. Seiter,

supra, at 2324.

The Court finds that Count II, Claim 2 of the Complaint fails to allege a cause of action under the Eighth Amendment for unconstitutional conditions of confinement.  The Court further finds that it is patently obvious that Plaintiff will not prevail on the facts alleged in Count II, Claim 2 and allowing him an opportunity to amend the complaint would be futile.  Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991).  Therefore, the Court RECOMMENDS that Count II, Claim 2 of the Complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

### RECOMMENDATION THAT DEFENDANTS JOE WILLIAMS, NEW MEXICO CORRECTION DEPARTMENT, GEORGE TAPIA AND WESTERN NEW MEXICO CORRECTIONAL FACILITY BE DISMISSED

Having recommended that Count II, Claim 1 and Count II, Claim 2 be dismissed with prejudice for failure to state a claim, the Court further recommends that Defendants Joe Williams, George Tapia, the New Mexico Department of Corrections and the Western New Mexico Correctional Facility be dismissed with prejudice from this lawsuit.  The Court is ordering a *Martinez* Report regarding the factual allegations contained in Count I , Claim 1 and Count I, Claim 2 as e explained in a separate Order.  However, the two claims in Count I only involve Plaintiff's complaints that he was denied necessary medical care during a one to three day period in September, 2006, and that the medical staff at WNMCF has refused to provide him with support type shoes that Plaintiff claims are medically necessary for him.  Defendants George Tapia, the warden at WNMCF, Joe Williams, the Director of Prisons for the New Mexico Corrections Department and the two institutions, Western New Mexico Correctional

Facility and the New Mexico Corrections Department, have nothing to do with the claims brought in Count I, Claims 1 and 2.  Only Defendant Tony McCort and the company providing medical services at WNMCF, Wexford Health Sources, Inc., are named in Count I, Claims 1 or 2.  Therefore, the Court RECOMMENDS THAT DEFENDANTS TAPIA, WILLIAMS, WESTERN NEW MEXICO CORRECTIONAL FACILITY AND THE NEW MEXICO CORRECTIONS DEPARTMENT BE DISMISSED from this lawsuit with prejudice as no remaining claims state a cause of action against them.

Having ruled that Defendant Wexford Health Sources, Inc. is now a party named in the Complaint, the Court orders the Clerk to issue notice and a waiver of service form to Defendant Wexford Health Sources, Inc. along with a copy of the Complaint.  The Clerk is also ordered to issue notice and waiver of service forms to Defendants Western New Mexico Correctional Facility and the New Mexico Corrections Department together with a copy of the Complaint.  However, if the District Court Judge to whom this case is assigned adopts the Findings and Recommendation that the latter two Defendants be dismissed along with Count II, Claim 1 and Count II, Claim 2, there will be no need for the two institutional Defendants to answer the Complaint.

### RECOMMENDATION THAT PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION BE DENIED

Plaintiff moved for a Preliminary Injunction and/or a Restraining Order asking that: 1) Defendant Wexford Health Sources be prevented from laying off any medical staff at any of the corrections facilities where it provides medical services; 2) that Defendant Wexford Health Sources be required to fulfill all off site medical recommendations and medical orders prescribed

for confined persons at corrections facilities where it provides medical services; 3) that the Court order that no more inmates be admitted to Level II corrections facilities; 4) that Defendants New Mexico Department of Corrections and the Western New Mexico Correctional Facility be ordered to concentrate on re-assigning inmates to other facilities in order to come into compliance with ACA standards; and 5) that the Court order that Plaintiff be reassigned to the Therapeutic Community program currently at WNMCF on Unit 2.

Preliminary Injunctions and Temporary Restraining Orders are drastic and extraordinary remedies and the moving party, the Plaintiff, must meet a heavy burden in establishing that such emergency relief should be granted.  The moving party must establish that: 1) he has a substantial likelihood of success on the merits; 2) he will suffering irreparable injury if the relief is denied; 3) that the threatened injury to the movant outweighs the injury to the other party if relief is granted; and 4) the temporary restraining order or preliminary injunction, if granted, is not adverse to the public interest.  Kikumura v. Hurley, 242 F. 3d 950, 955 (10th Cir. 2001).  The Plaintiff has not met this heavy burden.  The Court RECOMMENDS that the Plaintiff's request for Injunctive Relief be DENIED because he has not met the requirements for such relief.

## CONCLUSION

The Court denies the two motions for the appointment of counsel and denies the motion for consolidation with Plaintiff's other pending federal civil rights case.  The Court grants the motions to amend the caption of the Complaint so that six Defendants are named.  The Court also grants the Defendants Tapia's and William's Motion for an Enlargement of Time and accepts their late-filed Answer.  Finally, the Court denies Plaintiff's Motion for Sanctions

against Defendants Tapia and Williams.

The Court recommends that Plaintiff's Motion for Default Judgment against these Defendants be denied. The Court recommends, s*ua spont*e, the dismissal of Count II, Claim 1 and Count II, Claim 2 of Plaintiff's Complaint for failure to state a claim upon which relief can be granted and recommends that all remaining claims stated in the complaint against the two additional institutional Defendants, New Mexico Department of Corrections and Western New Mexico Correctional Facility, be dismissed for failure to state a claim upon which relief can be granted.  The Court also recommends that the Plaintiff not be allowed to amend his Complaint because the Court finds, based upon the facts alleged in the Complaint, that the Plaintiff will be unable to prevail under any circumstances on the two claims raised in Count II, Claim 1 and Count II, Claim 2.  Finally, the Court recommends that Plaintiff's requests for a preliminary injunction or a temporary restraining order be denied for failure to meet the requirements necessary for the requested relief.

## NOTIFICATION

THE PARTIES ARE NOTIFIED THAT WITHIN 10 DAYS OF SERVICE of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the United States District Court, Pete V. Domenici United States Courthouse, 333 Lomas Blvd. NW, Albuquerque, NM 87102, pursuant to 28 U.S.C. §636 (b)(1).  A party must file any objections within the ten (10) day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

                                                      ALAN C. TORGERSON
                                                      UNITED STATES MAGISTRATE JUDGE